**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| VISTA FOOD EXCHANGE, INC., | : |
| Plaintiff, | : Docket No. |
| v. | : |
| SIMON LAW, ADA LAW AND C.A.L, A Minor | : Judge |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COMPLAINT TO SET ASIDE CONVEYANCE OF REAL PROPERTY, FOR EQUITABLE RELIEF AND ATTORNEY'S FEES.**

Plaintiff Vista Food Exchange, Inc., for its complaint against Simon Law, Ada Law and CAL, a Minor, by its attorneys Jonathan C. Scott P.C. would respectfully show the Court as follows:

**NATURE OF ACTION**

1. This is an action to void, set aside and declare of no force and effect an April 6, 2021 conveyance by Simon Law to the other defendants of real property consisting of a single residential condominium unit at 50 Bayard Street, Apartment 5X, Block 202, Lot 1095 in the Borough of Manhattan. The conveyance was effectuated with the intent to defraud, hinder or delay Law's creditor Vista Food Exchange, Inc. (Vista) or to frustrate Vista's rights pursuant to orders and a default judgment in Vista Food Exchange, Inc. v. Lawson Foods, Inc., Docket No. 1:17-07454 ("Vista I"). Vista I is being

1

presided over by Hon. District Judge Andrew Carter Jr. and by Hon. Magistrate Judge Sarah Netburn.

2.   A notice of pendency is being filed in New York County because the judgment demanded would affect the title to, possession, use or enjoyment of the real property at issue in this lawsuit.

3.   By virtue of the Orders issued in Vista I, Vista is a creditor of the defendant Simon Law.  In relevant part, the Court's Orders in Vista I awarded Vista $77,800 in daily civil contempt fines, ordered that Simon Law was liable for Vista's attorney's fees during a specified period, granted a default judgment and determined that Simon Law is liable to Vista for damages to be fully determined in an upcoming proceeding.

4.   Vista respectfully asks the Court to take judicial notice of those proceedings in Vista I as if fully restated here.

5.   The claims in this complaint are brought under the Uniform Fraudulent Conveyance Act (New York Debtor Creditor Law Sections 270-281 et seq.)

**PARTIES**

6.   Plaintiff Vista is a domestic corporation duly organized and existing under the laws of the State of New York and in good standing since 1979, with its principal place of business in the Hunts Point Coop Market, Bronx, New York.  Vista is in the business of wholesale sourcing, purchasing, and sale of food products, including both perishable and shelf-stable.

7. Defendant Simon Law is the sole member and president of Lawson Foods. Upon information and belief, he is a citizen of and domiciliary of New Jersey and resides in Basking Ridge, New Jersey. He is the transferor of the real property at issue in this suit.

8. Defendant Ada Law is the wife of Simon Law. Upon information and belief she is a citizen and domiciliary of the State of New Jersey and resides in Basking Ridge, New Jersey. She is an insider transferee who benefitted from the transfer at issue in this suit.

9. Defendant CAL is the minor daughter of Simon and Ada law. Upon information and belief she is a citizen and domiciliary of the State of New Jersey and resides in Basking Ridge, New Jersey. She is an insider transferee of the real property at issue in this suit.

**THE PROPERTY**

10. Defendant Simon Law purchased the single-family residential condo located at 50 Bayard Street, New York City, Apartment 5X in 2017. Public records reflect the purchase price was $585,000 and it was an all-cash transaction. The property is Block 202, Lot 1095, Unit 5x in the records of the City of New York. On or about April 6, 2017, Simon Law made a transfer of his interest to defendant CAL (a minor) for zero consideration as reflected in the recorded deed and transfer documents attached hereto as Exhibit A. CAL's personal information has been redacted from the attached deed and related documents.

## JURISDICTION AND VENUE

11. Subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332 because Vista is a citizen of a different state than the Defendants, and because the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

12. Subject Matter Jurisdiction also exists under principles of pendent and ancillary jurisdiction because these claims are related to the liabilities of Simon Law imposed by this Court in Vista I and the anticipated final judgment to be entered against Simon Law in Vista I in favor of its creditor Vista.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) & (b)(3) because (i) a substantial part of the events or omissions giving rise to the claim occurred in this District including that the real property at issue is located in this District, and (ii) Defendants are subject to the jurisdiction of this Court.

14. The Court also has personal jurisdiction over Defendants pursuant to CPLR § 302(a)(1) because the suit arises from a transaction involving property in the City of New York and Defendant Simon Law's conduct against its creditor Vista in the earlier related case in the City of New York.

15. This Court also has personal jurisdiction pursuant to CPLR § 302(a)(3), because the suit arises out of Simon Law's commission of tortious acts in New York, and because Defendants regularly do or solicits business in, and/or has otherwise engaged in other persistent courses of conduct in New York.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

16. Vista was and is a creditor of Simon Law. Simon Law was indebted to Vista prior to April 6, 2021 when the conveyance at issue in this litigation was made with no consideration and under false pretenses.

17. At the time of the transfer, Simon Law had a wholly unsatisfied liquidated liability to its creditor Vista of $77,800 and an unliquidated liability for attorney's fees and damages arising from his conduct and that of his company Lawson Foods. It is anticipated that in Vista I the full amounts due to Vista by Simon Law and his company Lawson Foods will be determined by Judge Netburn and a final judgment entered.

18. Simon Law has wholly failed to satisfy any portion of the liquidated liability to Vista despite the Court's orders in Vista I.

19. Simon Law falsely claimed in a declaration in Vista I that the conveyance at issue was for bona fide family purposes involving CAL's need for urban housing in New York City, when in fact those representations were false.

20. Simon Law made the transfer to defraud or frustrate, delay or hinder Vista's rights as a creditor.

21. All of the following "badges of fraud" are present supporting that conclusion:

   a) The recorded transfer documents indicated there was no consideration;
   b) The transfer was made during pending litigation (Vista I) in which judgment on liability against Simon Law was already issued and some of Vista's claims were already liquidated but remain wholly unsatisfied;

c) The timing and circumstances of the transfer are suspect in relation to the course of proceedings in Vista I before Judge Netburn and that there was no current need to transfer ownership of the property to an insider;

d) The transfer was to an insider, having a familial or other close relationship;

e) Simon Law retains or will receive the benefit or use of the property in question;

f) Simon Law claims or will claim that he does not have the financial ability after the transfer to pay the sums due to Vista and/or will claim that he is insolvent;

g) Simon Law has engaged in a course of misconduct in Vista I to avoid accountability to Vista using excuses and explanations that Judge Netburn found to be lacking in credibility and possibly perjurious.

h) The transfer was made after Simon Law was reminded in Vista I by Judge Netburn of his and Lawson's obligation to pay the $77,800.00 in daily fines to Vista.

i) There was no need or legitimate basis for defendant Simon Law to relinquish his interest in the real property to his minor daughter. A transfer of that interest was not necessary in order to allow his daughter to have access to or use of the property.

## FIRST CAUSE OF ACTION-FRAUDULENT CONVEYANCE

(against all Defendants under New York Debtor Creditor Law)

22. Vista repeats and re-alleges each and every allegation contained above as if fully set forth herein.

23. Under the Debtor Creditor Law Section 270, Vista is a creditor of Simon Law because of the claims it has against him in Vista I.

24. Under the Debtor Creditor Law Section 270, defendants Ada Law and CAL are insiders and transferees of the debtor Simon law because they are relatives of the debtor.

25. Under Debtor Creditor Law Section 271, Vista believes that at the time of the transfer Defendant Simon Law will assert that he was insolvent as that term is defined in the statute.

26. The transfer of the property between the defendants was without reasonably equivalent value under Debtor Creditor Law Section 272 and Exhibit A reflects that there was no consideration paid with the deed reciting consideration of $10.00.

27. Under Debtor Creditor Law Section 273, the property transfer at issue in this case is voidable by Vista as a creditor because it was made with actual intent to hinder, delay or defraud a creditor, or because defendant Simon Law did not receive reasonably equivalent value and Simon Law believed or reasonably should have believed the debtor incurred debts beyond the debtor's ability to pay them when due, including but not limited to those liabilities to Vista in Vista I.

28. Likewise under Debtor Creditor Law 274, Vista is a present creditor whose claim arose before the transfer, Simon Law did not receive reasonably equivalent value and upon information and belief, was rendered insolvent by virtue of the transfer of the NYC apartment.

29. Under Debtor Creditor Law § 276, Vista as creditor may obtain the following remedies:

**1)** avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; **(2)** an attachment or other provisional remedy against the asset transferred or other property of the transferee if available under applicable law; and **(3)** subject to applicable principles of equity and in accordance with applicable rules of civil procedure: **(i)** an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;**(ii)** appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or**(iii)** any other relief the circumstances may require.**(b)** If a creditor has obtained a judgment on a claim against the debtor, the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds.

30. Vista hereby requests that the Court invalidate the transfer and enter a judgment in equity against further disposition of the property and depending on the circumstances of the case that the Court appoint a receiver.

8

## SECOND CAUSE OF ACTION-STATUTORY ATTORNEY'S FEES.

31.     Plaintiff Vista repeats and re-alleges each and every allegation above as if restated here.

32.     Vista was required to commence this action against the Defendants to challenge, set aside and obtain relief from the Defendnts under New York Debtor Creditor law.   Under Debtor Creditor Law Section 276-a, in a successful action to avoid a transfer or obligation, the Plaintiff may recover attorney's fees and litigation expenses.

WHEREFORE, Plaintiff Vista Food Exchange, Inc. demands judgment against Defendants Simon Law, Ada law and CAL, as follows:

(A) For a judgment voiding and setting aside the April 6, 2021 transfer of property at 50 Bayard Street, Apartment 5X, Block 202, Lot 1095 in the Borough of Manhattan;

(B) For an injunction preventing the defendants from disposing of, transferring or impairing the value of the property;

(C) For an award of attorney's fees and court costs; and

(D) For such other and further relief to Vista as the Court deems just and proper.

Dated: May 25, 2021

/s/   *Jonathan C. Scott*
JONATHAN C. SCOTT (JS0813)

JONATHAN C. SCOTT, P.C.
2200 Ross Avenue, Suite 4900W
Dallas, Texas 75201
(214) 999-2901

Attorneys for Vista Food Exchange, Inc.