UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
VISTA FOOD EXCHANGE, INC.,          :
                                    :
                   **Plaintiff,**   :
                                    :     **21-CV-04689 (ALC)**
        -against-                   :
                                    :     <u>**ORDER**</u>
SIMON LAW, ADA LAW, CARY AVERY LAW, :
                                    :
                   **Defendants.**  :
                                    :
                                    :
                                    :
                                    :
                                    :
----------------------------------------------------------------- :
                                    :
                                    x

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Vista Food Exchange, Inc.'s ("Vista" or "Plaintiff") commenced this action on June 3, 2021 under the Uniform Fraudulent Conveyance Act (New York Debtor Creditor Law Sections 270-281, *et seq*.) "to void, set aside and declare of no force and effect an April 6, 2021 conveyance by Simon Law to the other defendants of real property consisting of a single residential condominium unit at 50 Bayard Street, Apartment 5X, Block 202, Lot 1095 in the Borough of Manhattan." *See* Complaint ("Compl.") ¶¶ 1 and 5. Plaintiff alleges that the conveyance was effectuated with the intent to defraud, hinder, or delay Law's creditor Vista Food Exchange, Inc. or to frustrate Vista's rights pursuant to orders and a default judgment in *Vista Food Exchange, Inc. v. Lawson Foods, Inc*., Docket No. 1:17-07454 ("Vista I") presided over by Hon. District Judge Andrew Carter Jr. and by Hon. Magistrate Judge Sarah Netburn. Compl. ¶ 1. Defendants Simon Law, Ada Law, and Cary Avery Law ("Defendants") have filed a motion to dismiss Vista's claims in their entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

1

Plaintiff alleges that while the amount of damages is not yet determined, "[b]y virtue of the Orders issued in Vista I, Vista is a creditor of the defendant Simon Law" because "the Court's Orders in Vista I awarded Vista $77,800 in daily civil contempt fines, ordered that Simon Law was liable for Vista's attorney's fees during a specified period, granted a default judgment and determined that Simon Law is liable to Vista for damages to be fully determined in an upcoming proceeding." Compl. ¶ 2.

As the parties note in their briefs, this case is closely related to, and grows out of the underlying dispute in *Vista Food Exchange, Inc. v. Lawson Foods, Inc*., Docket No. 1:17-07454 ("Vista I"). In an earlier hearing in Vista I, this Court held that "the parties also have a pending damages inquest in front of Judge Sarah Netburn," and that "Plaintiff has not demonstrated a need for provisional remedies to secure the satisfaction of judgment[.]" *See* Transcript of May 20, 2021 Hearing in Vista I, ECF No. 243, Tr. 13:11-16. Judge Netburn issued her Report and Recommendation in that case on March 14, 2022, and it is currently before the District Court and ripe for adjudication.

The Court holds that Plaintiff has still not demonstrated the need for provisional remedies and stays this case *sua sponte.* This case is stayed for 30 days from the entry of judgment in the original case *Vista Food Exchange, Inc. v. Lawson Foods, Inc*., Docket No. 1:17-07454 ("Vista I"). If Defendant Lawson Foods LLC and Defendant Simon Law do not provide Plaintiff with payment in satisfaction of the judgement or a proposed payment plan for satisfaction within 30 days of the entry of judgment, Plaintiffs may amend their complaint in this case ("Vista II") in order to pursue financial recourse.

As the Supreme Court has held, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants*." Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "It is well settled that district courts have the inherent power, in the exercise of discretion, to issue a stay when the interests of justice require such action. *Volmar Distributors, Inc. v New York Post Co., Inc*., 152 F.R.D. 36, 39 (S.D.N.Y. 1993). *See also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action") (internal citations and quotations omitted).

Here, the Court holds that allowing Vista I and Vista II to proceed in parallel is not in the interest of justice and would be potentially duplicative. If Defendants Lawson Foods LLC and Simon Law attempt to evade any financial penalties that the Court imposes upon them, then Plaintiffs may move forward with further proceedings to collect damages.

As such, this case is stayed for 30 days from the entry of judgment in the original case *Vista Food Exchange, Inc. v. Lawson Foods, Inc*., Docket No. 1:17-07454 ("Vista I"). If Defendant Lawson Foods LLC and Defendant Simon Law do not provide Plaintiff with payment in satisfaction of the judgement or a proposed payment plan for satisfaction within 30 days of the entry of judgment, Plaintiffs may amend their complaint in this case ("Vista II") in order to pursue financial recourse.

The Clerk of Court is respectfully directed to terminate the open motion at ECF No. 24 and file a copy of this order in the related case at *Vista Food Exchange, Inc. v. Lawson Foods, Inc*., Docket No. 1:17-07454.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 31, 2023**

                         **/s/ Andrew Carter**
                         **ANDREW L. CARTER, JR.**
                         **United States District Judge**